
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

_____/

MILES DAVIS

        (PLAINTIFF)

-V-

Case: 2:19-cv-13062
Judge: Parker, Linda V.
MJ: Stafford, Elizabeth A.
Filed: 10-17-2019 At 02:33 PM
PRIS DAVIS V ALVAREZ, ET AL. (af)

ANTONIO ALVAREZ ("TRINITY" EMPLOYEE)
SUED IN HIS INDIVIDUAL CAPACITY;

JIM PERRY, (FOOD SERVICE DIRECTOR FOR "TRINITY")
SUED IN HIS INDIVIDUAL CAPACITY;

TRINITY SERVICE GROUP, (PRIVATE CORPORATION)
SUED IN ITS OFFICIAL CAPACITY.

        (DEFENDANTS)
_____/

MILES DAVIS  (PRISONER-PLAINTIFF)
PRISON NO: 176948
GUS HARRISON CORRECTIONAL FACILITY
2727  E. BEECHER Rd.
ADRIAN, MICHIGAN
      49221
_____/


"CIVIL RIGHTS COMPLAINT"
PURSUANT TO 42 U.S.C. § 1983

WITH A JURY TRIAL DEMAND


**HISTORY & EXHAUSTION:**   There is no other pending or unresolved Civil action(s) arising out of this transaction or facts therefrom, as alleged in this complaint.  28 U.S.C. § 1915(g)    All Administrative Remedies have been exhausted pursuant to state law.  PD 03.02.130 **et al.**

PAGE 1

**PRIOR CIVIL RIGHTS SUITS:** The Plaintiff, **MILES DAVIS**, has never filed a Civil Action in this Court or any other Court, that was dismissed for "failure to state a claim," or one that was subsequently declared to be "frivolous" or without merit. See, **28 U.S.C. § 1915(e)(2), 1915A** and **42 U.S.C. § 1997e(c)**.

## "PARTIES"

1. The Plaintiff, **MILES DAVIS**, (hereinafter, "Plaintiff"), is and was at all times relevant to this complaint, a Prisoner confined in the Michigan Department of Corrections. Plaintiff is currently confined at the Gus Harrison Correctional Facility;

2. The Defendant, **ANTONIO ALVAREZ**, (hereinafter, "ALVAREZ") was at all times relevant to this complaint, an Employee of "Trinity Service Group", (hereinafter, "TRINITY"), a Private Corporation, contracted with the state of Michigan, through its Agency, Michigan Department of Corrections, to provide food services to the Prison population of Michigan. At all times relevant to this complaint, the Defendant, "ALVAREZ", was acting under color of state law, while engaged in Employment activities, at the Gus Harrison Correctional Facility;

3. Defendant, **JIM PERRY**, (Hereinafter, "PERRY"), is and was at all times relevant to this complaint, a 'Food Service Director,' for "TRINITY,", a Private Corporation. Defendant PERRY, was at all times relevant to this complaint, the highest ranking official for "TRINITY" on location, and while acting under color of state law at the Gus Harrison Correctional Facility,

was fully vested with Supervisory authority over the Subordinate Employees of "TRINITY," and over the 'Policy, Customs and practices' that were implemented under his watch, as the Food Service Director for "TRINITY";

4.   Defendant, **TRINITY**," is a Private Corporation, and was at all times relevant to this complaint, contracted with the state of Michigan, through its Agency, Michigan Department of Corrections, to provide food services to the Prisoner population throughout the state of Michigan.  Defendant "TRINITY" hires its Employees and Supervisory Personnel, to carry out its contractual obligations and vested them with 'decision-making' authority within the Gus Harrison Correctional Facility, according to the responsibility of their particular employment.

## "JURISDICTION"

5.   This is a Civil Rights action brought pursuant to **42 U.S.C. § 1983**. This Court has 'exclusive' jurisdiction to hear claims brought pursuant to **28 U.S.C. § 1343**.

## "FACTS"

6.   On June 15, 2018, while house at the Gus Harrison Correctional Facility, (hereinafter, "ARF"), I went to the afternoon meal for lunch. Upon arriving in the dinning hall, I was given a tray that contained 'Beans', Cheddar Cheese, Lettuce and Pasta Sauce, with Taco shells for the "Taco" meal.   After filling the Taco with the 'Beans' and other Taco

PAGE  3

fillers, I bit into it and felt a sharp pain in the upper right side of my mouth;

7. Immediately, blood began pouring out of my mouth and a large portion of my upper top right tooth came out. A large rock also fell out of my mouth and it was then that I realized that I had broken my tooth when I bit a rock that was in the Beans;

8. I immediately grabbed some napkins and took my food tray and reported what happened to "Alvarez", the kitchen Supervisor. Alvarez stated that he would prepare a 'injury' report, concerning this incident and instructed me to report to officer Rockwell. Alvarez took the food tray from me and stated, "Wow, that's a nice size rock in the beans;"

9. I then reported the incident to Corrections Officer Rockwell, and he had two officers escort me to the Dentist. Upon arriving at the Dentist, the Dentist determined that he would have to remove the rest of the broken tooth but couldn't at that time because of the cuts to the gum line from the rock and broken fragments of the tooth, that was still embedded in the gums;

10. At that time on June 15, 2018, the Dentist 'rinsed and cleaned' the gum line and the area of the broken tooth and then prescribed some antibiotics to stop any infections from building up. He also prescribed some pain medication, to help me deal with the pain from the injury. About a week later, after the Antibiotics were completely injested and the gum lined had healed somewhat, the Dentist removed the remainder of the broken tooth and instructed me not to eat on that side of my mouth for awhile. He also indicated that it was possible that I could lose a 'couple of other teeth in that area,' because he could see some 'looseness' with other teeth in the affected area;

PAGE 4

11. The Plaintiff immediately filed a grievance at all three stages of the grievance process, pursuant to Policy Directive, 03.02.130 et seq., and the facts stated herein where all admitted and confirmed. With the grievance process completed, this Civil Rights lawsuit now follows.

## "FIRST CAUSE OF ACTION"

12. All the defendants herein, are alleged to have committed 'individual acts,' or executed Corporate 'Policy, Customs and procedures,' that created and or allowed a dangerous, and longstanding unconstitutional food preparation practice, that directly contributed to, and was the direct cause of, the incident and subsequent severe physical injury to the Plaintiff, as stated in Paragraphs 6 thru 11.

13 Moreover, it is alleged herein that, all of the defendants through their 'individual acts' or collectively through the executed 'Custom, Policies and Procedures,' were 'deliberately indifferent' to the nutritional needs of the Plaintiff, and 'recklessly' disregarded the natural and inevitable consequences of their acts.

14. Specifically, the defendant 'Alvarez' violated the Plaintiff's Eighth Amendment right to be free from 'Cruel and Unusual Punishment,' by and through his 'individual acts', and did so with a "deliberate indifferent 'state of mind'," when he:

    A. Knowingly created, implemented and authorized a 'dangerous, reprehensible and unsafe food preparation practice and procedure,' approximately 12 to 15 months prior to the injury that occurred herein, as stated in paragraphs 6 thru 11, while he was an Employee of 'Trinity', that substantially increased the risk and

likelihood to an intolerable level, that the Plaintiff would be "seriously injured," if he was served and ingested food, that was 'knowingly' contaminated with rocks and other hard foreign objects;

B.  Ignored and consciously disregarded numerous complaints from Inmates over a period of time between 12 to 15 month, <u>prior</u> to the injury that occurred herein, as stated in paragraphs 6 thru 11, who had either <u>observed</u> or found 'rocks' and other hard foreign objects in the <u>beans</u> that they had been served.  And defendant 'Alvarez' did nothing to limit or ensure that this did not occur again, although he was the Food Service Supervisor for Trinity, who was <u>responsible</u> to see that the food was 'prepared and served' in accordance with food health and safety regulations;

C.  A few months prior to the physical injury that occurred to the Plaintiff herein, as stated in paragraphs 6 thru 11, the defendant 'Alvarez' was notified that a Prisoner had 'broken his tooth' on a rock, when he bit into the Beans in the Taco meal. Despite receiving direct 'proof' that the <u>unsafe</u> and <u>dangerous</u> food preparation practices that he implemented, started and approved, had caused a 'severe physical injury' to an inmate, he continued utilizing the same food preparation practice that had caused this injury.  As an Employee of 'Trinity', that being the 'Food Service Supervisor,' he was responsible for 'monitoring the food preparation practices and procedures' and to <u>ensure</u> that food was being prepared in accordance to all 'health and safety regulations;

D.  Finally, on June 15, 2018, the day that Plaintiff herein was severely injured, as stated in paragraphs 6 thru 11, defendant 'Alvarez' was <u>personally</u> informed by a Prisoner cook in the food service kitchen early that morning that, "...the bags of beans had an extremely large amount of rocks in them and needed to be 'sifted' <u>first</u> before being put in the kettles and cooked." Despite receiving this information, defendant Alvarez instructed the Prisoner Cook to, "... pour the bag of beans into the kettles, and rinse them off and let them cook slowly."  Consequently, as a direct result of the cumulative 'individual acts' of 'Alvarez', as stated in paragraphs 14 (A thru D), which clearly shows a <u>reckless</u> 'deliberate indifference' to the nutritional needs of the Plaintiff.  The Plaintiff was subsequently severely injured as stated in paragraphs 6 thru 11, and subjected to 'cruel and unusual punishment, contrary to the rights guaranteed to the Plaintiff by the Eighth Amendment.

## "SECOND CAUSE OF ACTION"

15.   The Defendant 'Jim Perry,' violated the Plaintiff's Eighth amendment

right, to be free from 'Cruel and Unusual' punishment, by his 'individual acts', and did so with a deliberate indifferent state of mind, when he:

    A.    Was 'deliberately indifferent' to the nutritional needs of the Plaintiff, when he intentional failed to correct the unconstitutional acts of Alvarez, his subordinate, which he knowingly allowed to continue, unchecked, for a period of time between 12 to 15 months, prior to the injury complained of herein, as stated in paragraphs 6 thru 11. Unconstitutional acts, that implemented a 'practice and procedure', that he knew or should have known, would substantially increase the risk and likelihood that the Plaintiff would be severely injured, if he 'bit' or 'ingested' rocks and other hard foreign objects left in the food and if'%ingly disregarded d at 'epb'f Moreover, he allowed these unconstitutional practices to be implemented in food preparation procedures, that he knew 'clearly' violated all health and safety regulations. The acts of defendant Perry, occurred at a time when he was the highest ranking official employed at (ARF), in a 'Supervisory position of authority,' as the Food Service Director for Trinity, and was responsible to, and could have stopped and prevented, the unsafe food preparation practices of his Subordinate, Alvarez, that ultimately caused the Plaintiff's severe physical injury, long before it occurred;

    B.    Expressly condoned and 'ratified' the unconstitutional acts of Alvarez, when he implicitly and knowingly 'acquiesced' in the unsafe food preparation practices of Alvarez, where he made statements that supported and approved the food preparations practices and procedures of Alvarez, that he knew or should have known, violated the Plaintiff's Eighth Amendment rights, and in this way, directly caused the constitutional injury to the Plaintiff.

## "THIRD CAUSE OF ACTION"

**16.** Defendant "Trinity", in its 'official capacity,' and through the execution of its Corporate 'Policies, Customs and or longstanding Practices," violated the Plaintiff's Eighth Amendment right to be free from 'Cruel and Unusual' punishment, which was the 'direct cause of,' the severe physical injury to the Plaintiff herein, as stated in Paragraphs 6 thru 11. These Policies, Customs and or longstanding practices showed a deliberate indifference to the Plaintiff's nutritional needs when;

PAGE 7

A.     Defendant 'Trinity', as a matter of Corporate 'Policy and Customs,' failed to maintain a system of 'supervising and monitoring' its Food Service Directors and Employees, to ensure that <u>all</u> health and safety regulations were being followed in its food preparation practices and procedures, and thus, as a direct consequence of this failure, the Plaintiffs nutritional needs were not met, due to a food preparation practices that continued for a period of between 12 to 15 months, <u>prior</u> to the injury complained of herein, as stated in paragraphs 6 thru 11. That made the food inedible and dangerous to the health and well being of the Plaintiff who consumed it;

B.     Or alternatively, 'Trinity' implemented as a matter of Corporate 'Policy and Customs,' an inadequate manner of supervising its Food Service Directors and Employees, a procedure that was 'ineffectual', and was tantamount to, '<u>no</u>' supervision at all. Where the "...unconstitutional, unsafe and dangerous food preparation practices" of Alvarez, which was approved and acquiesced by its Food Service Director 'Perry,' was allowed to continue <u>unchecked</u> for approximately 12 to 15 months, <u>prior</u> to the injury suffered by the Plaintiff herein, as stated in paragraphs 6 thru 11," although Trinity had an 'official policy' of supervising its Food Service Directors and Employees by periodic visitation. Consequently, as a direct result of the execution of Trinity's 'Polmcy Af³ gb COS4om,' of <u>inadequate</u> supervision of its Emoloyees and Directors, the Plaintiff suffered a severe physical injury, as stated in paragraphs 6 thru 11;

C.     Trinity had a 'Policy, Custom and or longstanding practice' of <u>inaction</u> and systematically failed to 'investigate its Food Service Director and Emoloyee's,' who was responsible for carrying out its contractual obligations to "...prepare and serve," safe nutritious food to the inmate population at (ARF). Ev £I,0£³a "h³e of a persistent pattern of unconstitutional conduct by its Employee's, Trinity executed a 'Policy, Custom or longstanding practice,' that allowed the Plaintiff's health, safety and well being to be put at risk of being 'severely injured,' on average of 10 times a month. Which, in this case, did actually cause harm to the Plaintiff and at least one other known inmate, and did not investigate or discipline the responsible Employee(s) who implemented and tolerated these unconstitutional ³bactaceQ A)d procedures. In this way, defendant 'Trinity' "...ratified the unconstitutional acts of its Supervisory official and Employees," and showed a deliberate indifference to the Plaintiffs nutritional need for safe, edible, non dangerous food;

## "RELIEF REQUESTED"

WHEREFORE, the Plaintiff, **MILES DAVIS**, seeks the following relief and damages:

A. **GRANT** "compensatory damages" in the following amounts:

1. AWARD the Plaintiff, $10,000.00 thousand dollars in 'compensatory damages' against;

Defendant Antonio Alvarez;

Jim Perry;

Trinity Service Group.

B. **GRANT** "punitive damages" in the following amounts:

1. AWARD the Plaintiff, $15,000.00 thousand dollars against all three defendants, for their 'callousness,' and complete disregard for the health, safety and well-being of the Plaintiff.

C. AWARD "Emotional damages" against, Defendant Antonio Alvarez and Jim Perry, in the amount of $20,000.00 thousand dollars each, for the "emotional" suffering and distress this constitutional injury has caused, due to the action(s) of both defendants. This is directly related to the present and future pain and suffering the Plaintiff must endure due to the blatant unconscionable acts of the defendants named herein.

The Plaintiff also seeks 'reimbursement' of all expenses incurred in preparing and presenting this litigation, and to have the defendant's pay full 'Court cost' and any other expenses this Court deems is just and proper.

RESPECTFULLY SUBMITTED,

*Miles Davis*

PAGE 9

Miles Davis 176948
Gus Harrison Correctional Facility
2727 E. Beecher St.
Adrian, Michigan 49221

Clerk of the Court
United States Eastern
District Court
231 W. Lafayette Blvd.
Detroit, Michigan 48226

Metroplex MI 480 ZIP
SAT 12 OCT 2019 PM

RECEIVED
OCT 17 2019
CLERK'S OFFICE
U.S. DISTRICT COURT

# CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 19-13062 | Judge: Linda V. Parker | Magistrate Judge: Elizabeth A. Stafford |
|---|---|---|

| Name of 1st Listed Plaintiff/Petitioner: MILES DAVIS | Name of 1st Listed Defendant/Respondent: ANTONIO ALVAREZ |
|---|---|
| Inmate Number: 176948 | Additional Information: |
| Plaintiff/Petitioner's Attorney and Address Information: | |
| Correctional Facility: Gus Harrison Correctional Facility<br>2727 E. Beecher Street<br>Adrian, MI 49221<br>LENAWEE COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   ☐ Yes   ☒ No
   ➢ If yes, give the following information:
   
   Court: _____
   Case No: _____
   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   ☐ Yes   ☒ No
   ➢ If yes, give the following information:
   
   Court: _____
   Case No: _____
   Judge: _____

MIED (Rev. 07/06)  Civil Cover Sheet for Prisoner Cases