UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN



MILES DAVIS #176948

    (PLAINTIFF)

-v-

ANTONIO ALVAREZ,
JIM PERRY,
TRINITY SERVICE GROUP,

    (DEFENDANTS)

CIVIL ACTION NO.
19-13062

HONORABLE JUDGE
LINDA V. PARKER

---

MILES DAVIS    (PRO SE)
PRISON NO. 176948
GUS HARRISON CORRECTIONAL FACILITY
2727 E. BEECHER Rd.
ADRIAN, MICHIGAN 49221

ALEXANDER B. CHOSID (64780)
TKC HOLDINGS, INC.
1260 ANDES BLVD.
ST. LOUIS, MO.
    63132

---

## NON-DISPOSITIVE MOTION FOR DISCLOSURE DIRECTING
## TKC HOLDINGS, INC. TO PROVIDE THE LAST KNOWN ADDRESS OF DEFENDANT

NOW COMES the Plaintiff, **MILES DAVIS**, and hereby files this Non-Dispositive Motion for Disclosure. In support of this Motion, the Plaintiff states the following:

1. On October 23, 2019, this Court issued a 'STAY' of the case, so the Party's could engage in the "Pro Se Prisoner Early Mediation Program," pursuant to Administrative Order: 18-AO-019, for 90 days. Subsequently, Attorney Alexander B. Chosid (64780), entered a limited appearance on behalf

PAGE 1

of all the defendants, for the purpose of issuing a 'statement' to the Court. According to that statement, Attorney Chosid chose to decline the court's invitation for the Party's to engage in early mediation talks, because he didn't believed it would be conducive in reaching a settlement of the case.

2. On November 12, 2019, the Plaintiff filed his response, 'concurring' with the defendant's request to forgo the early mediation process, and to allow service to be made on all the defendants. The Plaintiff now anticipating the Court's acceptance of the Party's request and their respective positions in the matter, it is believed that the Court will issue its order to the U.S. Marshall for service to be made on the defendants, pursuant to Fed. R. Civ. P. 4. Which brings the Plaintiff to the issue at hand.

3. When the Plaintiff filed the instant Complaint & Summons, he did not have the known address of the defendant named, Antonio Alvarez. However, because it was known that 'TKC Holding Inc.,' was the Parent Company of Trinity Service Group, the Corporation that defendant Antonio Alvarez worked for, the Plaintiff listed 'TKC Holdings Inc.,' as the place for service to be made for this defendant.

4. Nonetheless, when Attorney Chosid filed his limited appearance on behalf of the defendants, pursuant to the Court's order staying the case for mediation. He specifically indicated that, "...he was not authorized to accept service on behalf of defendant Antonio Alvarez and Jim Perry." However, Attorney Chosid did indicate that both defendants were former Employees of Trinity Service Group.

5.  In light of these facts the Plaintiff submits this motion, seeking an 'Order' from the Court, directing 'TKC Holdings Inc.,' the Parent Company of Trinity Service Group to provide the <u>last known</u> address for defendant Antonio Alvarez to the Court or to the U.S. Marshall Service, so that service of the Complaint can be accomplished without any unnecessary delays.

## "L E G A L   A N A L Y S I S"

According to Fed. R. Civ. P. 4m, the Plaintiff has the obligation to ensure that service of the Complaint is made to the defendant(s) within 90 days, or the Court can dismiss the action for lack of service. See, <u>MEYER-V-TIMOTHY E. BAXTER & ASSOC., P.C.</u>, 2018 U.S. DIST. LEXIS 65086, 2018 WL 1858182, at *2 (E.D. MICH. April 18, 2018)

The Plaintiff submits that, without a Court Order directing 'TKC Holdings Inc.,' to provide the last known address for defendant Antonio Alvarez, neither the Plaintiff, nor the U.S. Marshall Service will be able to seek a 'waiver of service' or actually deliver service of the Complaint itself to the defendant Antonio Alvarez.

Several Court's to be faced with this type of dilemma, when attempting to provide 'service' for a Pro Se Prisoner litigant, have ultimately remedied this potential problem by issuing the type of order requested herein. See e.g., <u>BALDWIN</u>-V-<u>CROFT</u>, 2013 U.S. DIST. LEXIS 6509, 2013 WL 172870, at *2 (N.D. Ohio 2013)(ordering the Warden of the Prison to provide the U.S. Marshall Service with the defendant last known address); <u>COMBS-V-LEHMAN</u>, 2009 U.S. DIST. LEXIS 131753, 2009 WL 497124, at *2 (W.D. Wash. 2009)(Ordering the defendants to provide the last known address for the un-served defendant)

See also, the Sixth Circuit case of, **FITTS-V-SICKER, 232 FED APP'X 436, 2007 WL 419623 (6th Cir. 2007)**, where the Court specifically noted that, "...the District Court could have directed the MDOC to provide the defendants last known address." **Id. at *7**

More recently, in **PARKER-V-UNKNOWN KELLER,(infra)**, a Michigan case, the Plaintiff faced a similar hurdle as the one sought to be avoided herein. In PARKER, the Plaintiff filed a suit against two former Trinity Service Group Employees for alleged acts that occurred in a Michigan Prison. The Attorney for TKC Holdings Inc., just as in this case, made a limited appearance on behalf of the Trinity defendants, for the purpose of contesting service. However, Tabitha Bono, the Attorney in PARKER also filed a motion to Quash Service and dismiss the Complaint for lack of Service. See, **2019 U.S. DIST. LEXIS 82866, at *3**

The Plaintiff in PARKER, was a Pro Se Prisoner litigant, who had provided the names of the defendants, their last known place of employment and the position they held at the Prison, which was all the information that the Plaintiff had at the time of filing the Complaint. The PARKER Court noted that, "...this information provided by the Plaintiff was enough for 'TKC Holdings Inc.,' to identify the defendants as former Employees of Trinity Service Group." **Id at *6**

While the Court in PARKER did grant the defendant's Motion to Quash Service, the Court denied its Motion to dismiss and ordered TKC Holdings Inc., to provide the U.S. Marshall with the last known address of the defendant and extended the time for service to be made. **Id at *8**

In the present case herein, the Plaintiff is not facing a Motion to Quash Service or dismiss the Complaint, as was the case in PARKER. However,

there was an inordinate delay in the PARKER case that exceeded at least 16 months before service of the Complaint was actually made on the defendants because 'TKC Holdings Inc.,' refused to provide the last known address of the defendants without a Court order. The Plaintiff herein seeks to avoid such a lengthy delay, so this motion is necessary in light of this potential.

Finally, the other defendants will not be prejudiced in any way, if this Court issues this type of non-dispositive order. In addition, this Court and the Party's will be greatly benefitted as the case can move forward without any unnecessary delays.

### "RELIEF REQUESTED"

WHEREFORE, for all the foregoing reasons, the Plaintiff respectfully asked this Court to issue this non-dispositive order, directing TKC Holding Inc., to provide the last known address for defendant Antonio Alvarez to the U.S. Marshall Service or to this Court, so that Service can be made.

Respectfully Submitted,

*[signature]*

PAGE 5

## "CERTIFICATE OF SERVICE"

I, **MILES DAVIS**, do hereby certify that on this **26th** day of November, 2019, a True and accurate copy of the Plaintiff's Non-Dispositive Motion herein, was served on the Defendant's Attorney, **Alexander B. Chosid** by mail, by Presenting the Motion to the Prison Counselor to deliver to the Institutions Mail Room, with fully pre-paid first class postage.

I also hereby certify that, one original and one copy marked "For The Judge Only," was mailed to the United States District Court Clerk, in the same manner as above, on this **26th** day of November, 2019.

Respectfully Submitted,

*/s/ Miles Davis*

Alexander B. Chosid
TKC Holdings, Inc.
1260 Andes Blvd.
St. Louis, MO.
          63132


United States District Court
Eastern District of Michigan
231 West Lafayette Blvd.
Detroit, Michigan
          48226

MILES DAVIS #176948
GUS HARRISON CORRECTIONAL FACILITY
2727 E. BEECHER Rd.
ADRIAN, MICHIGAN
49221

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

NOVEMBER 25, 2019

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
231 WEST LAFAYETTE BLVD.
DETROIT, MICHIGAN
48226

IN RE: "NON-DISPOSITIVE MOTION FOR DISCLOSURE"
CIVIL ACTION NO. 19-13062

DEAR COURT CLERK,

PLEAE FIND enclosed for filing, (1) one original and (1) copy marked "For The Judge Only", of the Plaintiff's "Non-Dispositive Motion For Disclosure & Order, w/ attached "Certificate of Service."

Please place this Motion on the docket for the Judge as soon as possible, as the Motion addresses "service" of the Complaint on the defendant's, which may be order soon.

If there is any additional information that is needed, please don't hesitate to notify me. My sincerest thanks in advance for your cooperation in this matter.

Very Truly Yours,

Miles Davis

## "CERTIFICATE OF SERVICE"

I, **MILES DAVIS**, do hereby certify that on this **26th** day of November, 2019, a True and accurate copy of the Plaintiff's Non-Dispositive Motion herein, was served on the Defendant's Attorney, **Alexander B. Chosid** by mail, by Presenting the Motion to the Prison Counselor to deliver to the Institutions Mail Room, with fully pre-paid first class postage.

I also hereby certify that, one original and one copy marked "For The Judge Only," was mailed to the United States District Court Clerk, in the same manner as above, on this **26th** day of November, 2019.

Respectfully Submitted,

*Miles Davis*

Alexander B. Chosid
TKC Holdings, Inc.
1260 Andes Blvd.
St. Louis, MO.
          63132

United States District Court
Eastern District of Michigan
231 West Lafayette Blvd.
Detroit, Michigan
          48226

U.S. POSTAGE >> PITNEY BOWES
ZIP 49221 $ 001.
02 4W
0000355312 NOV 27

11-27-19

RECEIVED
DEC 03 2019
CLERKS OFFICE
U.S. DISTRICT COURT

Clerk of the Court
United States District Court
Eastern District of Michigan
231 West Lafayette Blvd.
Detroit, Michigan 48226

Miles Davis 176948
Gus Harrison Correctional Facility
2727 E. Beecher road.
Adrian, Michigan 49221