UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MILES DAVIS, #176948, ) | |
| ) | |
| Plaintiff, ) | Hon. Linda V. Parker |
| ) | Mag. Elizabeth A. Stafford |
| v. ) | |
| ) | |
| ANTONIO ALVAREZ, ) | |
| JIM PERRY, AND ) | |
| TRINITY SERVICE GROUP, ) | C.A. No. 2:19-cv-13062-LVP-EAS |
| ) | |
| Defendants. ) | |
| ) | |

Miles Davis, #176948
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI  49221
    In Pro Per

----------------------------------------

Alexander B. Chosid
MO Bar #64780
TKC Holdings, Inc.
1260 Andes Blvd.
St. Louis, MO  63132
T: (314) 214-2806
F: (314) 214-2794
Alex.Chosid@tkcholdings.com

TRINITY SERVICES GROUP, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW Defendant Trinity Services Group, Inc. (hereinafter "Trinity"), by and through its undersigned Counsel, and for its Motion to Dismiss Plaintiff's Complaint [Doc. 1], states as follows:

## INTRODUCTION

Plaintiff claims a violation of his Eighth Amendment Rights based upon a single meal which he alleges caused him injury. This individual incident cannot constitute a Constitutional violation, Trinity is not a state actor, cannot be held vicariously liable under § 1983, and Plaintiff fails to identify the policy by Trinity that allegedly caused his injury. Plaintiff's suit is subject to dismissal.

## FACTUAL BACKGROUND

Plaintiff is an inmate currently incarcerated at the Gus Harrison Correctional Facility. [Doc. 1, p. 2, ¶ 1]. He alleges, generally that while eating food on June 15, 2018, he bit into a rock and was injured. [Doc. 1, p. 3-4, ¶ 6].

## APPLICABLE LAW

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the complaint.  A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In ruling on a motion to dismiss, a court accepts well-pled allegations as true and will construe them in the light most favorable to the non-moving party. *Hugh v. Rowe*, 449 U.S. 5, 10 (1980); *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (when analyzing a complaint on a motion to dismiss, "All factual

allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party.") (citing *Great Lakes Steel, Div. of Nat'l Steel Corp. v. Deggendorf,* 716 F.2d 1101, 1105 (6th Cir. 1983)).

To survive a motion to dismiss, a complaint must contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555-556. A plaintiff must set forth factual allegations "plausibly suggesting (not merely consistent with)… [an "entitlement to relief in order to reflect] the threshold requirement…that the plain statement possesses enough heft to show that the pleader is entitled to relief." *Id.* at 557 (internal citations omitted); *see also Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (internal citations omitted) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to survive a motion to dismiss"); *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012) (internal citations omitted) ("[The Sixth Circuit] has made clear that a legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss"). Further, "naked assertions devoid of further factual enhancement" will not suffice to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

While testing the sufficiency of a plaintiff's allegations, a court does not presume that the plaintiff can prove facts that are not stated, or assume that the defendant has violated laws in ways not alleged. *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Harvey v.*

*Great Seneca Fin. Corp.*, 453 F.3d 324, 328 (6th Cir. 2006) ("[T]his court should not assume facts that were not pled."). Additionally, the court will not abrogate basic pleading essentials simply because a pro se litigant's pleadings are to be construed liberally. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Overall, "courts are not required to conjure up allegations not pleaded or guess at the nature of an argument." *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012).

### ARGUMENT

Plaintiff's Complaint should be dismissed because it fails to allege any actionable claim against Trinity. Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff fails this standard. The Complaint is unclear as to how any conduct by Trinity rose to the level of a Constitutional violation and how Trinity as a private entity could be held liable vicariously for its employee's actions. Accordingly, Trinity is entitled to dismissal.

*1) Plaintiff fails to state a claim against Trinity under Section 1983.*

Plaintiff's claims that Trinity provided him with inadequate nutrition for a single meal, and that thereby his Constitutional rights were violated. The law disagrees. 42 U.S.C. § 1983 is the exclusive vehicle for bringing claims of alleged violations of substantive rights under the U.S. Constitution. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations or rights established in the Constitution.)

Judgment should be granted in Trinity's favor because Plaintiff has failed to allege any actionable civil rights claim under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Here, Plaintiff's claims fall short on each of these necessary elements. Trinity is not a state actor and *respondeat superior* claims cannot be brought through Section 1983.

### A. Trinity is not a state actor as required to be held liable pursuant to 42 U.S.C. § 1983.

To the extent that the Complaint alleges a claim against Trinity pursuant to 42 U.S.C. § 1983, it must be dismissed because Trinity is not a state actor. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State…subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress…

42 U.S.C. § 1983. Where Trinity is a corporate private party, and not a government entity, it can only be held liable under Section 1983 if it were "fairly said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The Sixth Circuit utilizes three tests to determine whether seemingly private conduct may be charged to the state: (1) the public function test, (2) the state compulsion test, and

(3) the symbiotic relationship or nexus test. *Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007). Trinity's conduct fails to demonstrate state action under any of these tests.

Under the "public function test," the issue is whether the private party exercised powers traditionally reserved exclusively to the state. *TAHFS v. PROCTOR*, 316 F.3d 584, 591 (6th Cir. 2003) (quoting *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995)). Here, Trinity provides food services to the prison and Plaintiff makes no reference to any alleged state action in connection with these services. Merely contracting to provide food services does not demonstrate that a private entity or its employees qualify as a state actor for purposes of Section 1983. Absent factual allegations reasonably suggesting that Trinity performed a public function that could be fairly attributed to the state, Trinity cannot be deemed a state actor.

Similarly, the "state compulsion" test requires that Plaintiff show the state exercised overt or covert coercive power or such significant encouragement over Trinity to the extent that the choice of the private actor is "really that of the State." *See TAHFS*, 316 F.3d at 591. Again, Plaintiff fails to allege or demonstrate any compulsory control or exertion of coercive power over Trinity's conduct at issue as it relates to his alleged claim(s). Nowhere in the Complaint does Plaintiff allege that Trinity acted in any manner as the prison administration in providing food services.

Lastly, under the "nexus or joint action test," Plaintiff must demonstrate that "a sufficiently close relationship, *i.e.*, through state regulation or contract, between

the state and the private actor so that the action taken may be attributed to the state." *Id.* Plaintiff's Complaint lacks any specific allegations identifying a close nexus between the state and Trinity's conduct to satisfy this test as it relates to his alleged civil rights claims. Plaintiff has failed to make any specific allegations that Trinity acted jointly with the state in providing foodservice. As such, any alleged civil rights claim against Trinity fails and should be dismissed.

### B. *Respondeat superior* claims are not actionable under Section 1983.

Dismissal of the Complaint is also warranted because Plaintiff's claims against Trinity are improperly premised on a *respondeat superior* theory, which is not a legitimate basis for liability under 42 U.S.C. § 1983. While Plaintiff attempts to make the blanket assertion that it was a policy or practice that caused his injuries, this is a bare legal assertion without any facts tending to show what that policy may be. This, alone, cannot stand, and all that is left are his claims against individual defendants, and an attempt to attribute them against Trinity.

It is well settled that in a Section 1983 action liability cannot be premised upon a theory of *respondeat superior*. *See Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Although this rule is frequently invoked in the context of suits against governmental entities, federal courts considering this issue routinely apply the rule to bar *respondeat superior* liability under Section 1983 against private corporations as well. *See Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (noting that every

circuit that has considered the issue of *respondeat superior* liability under § 1983 has extended the holding to private corporations as well).

Based on this rule, liability may not attach against governmental or private entities (or their employees) under Section 1983 unless their policies, practices or customs cause the alleged constitutional injury. *See Monell*, 436 U.S. at 691. Instead, Section 1983 liability against a private corporation such as Trinity requires that the plaintiff show that his injury resulted from a policy, practice, or custom of that corporation. *See Karnes*, 398 F.3d at 877.

Here, as discussed above, Plaintiff cannot overcome the *respondeat superior* hurdle vis-à-vis Trinity because he has not alleged and cannot demonstrate that any the alleged injury occurred pursuant to a policy, practice, or custom of the company, despite his bare legal assertions claiming that this is the case. To the contrary, at no time relevant to the claims at issue did Trinity maintain a policy, practice, or custom of instructing, encouraging, or training its employees to turn a blind eye to food safety. Accordingly, Plaintiff's claims should be dismissed.

> 2) *A single instance of alleged contaminated food does not rise to the level of a Constitutional violation.*

Plaintiff's allegations that a single meal was contaminated with a foreign object, taken as true, are insufficient as a matter of law to establish a claim for an Eighth Amendment violation. The alleged contamination of one meal, even if true, does not constitute cruel and unusual punishment.

A prisoner must plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008).

"Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (citing *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987)). Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Only extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9; *see also Harden-Bey,* 524 F.3d at 795.

A prisoner must also establish a subjective element showing that the prison official acted with a sufficiently culpable state of mind. *Hudson*, 503 U.S. at 8. An official acts with deliberate indifference when he acts with criminal recklessness, a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence will not suffice. *Id.* at 835–36. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Id.* at 834.

It is well-settled that prisoners have a right to adequate food. *See Farmer*, 511 U.S. at 832. "However, there is no constitutional right that the food provided must be tasty or even appetizing." *Cruz-Salazar v. Pugh*, No. 4:12 CV 0917, 2012 U.S. Dist. LEXIS 106409, at *21 (N.D. Ohio July 31, 2012) (quoting *Moody v. Bell*, No. 1:08cv796, 2009 WL 3011505, at * 4 (S.D. Ohio June 26, 2009)). Complaints about "the preparation or quality of prison food" are generally "far removed from

Eighth Amendment concerns." *Id.* (quoting *Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977)).

In *Bellamy v. Bradley*, 729 F.2d 416, 419–20 (6th Cir. 1984), the Plaintiff was denied a meal from time to time based on prison rules. The Sixth Circuit affirmed the grant of a directed verdict on this claim, finding that the denial of individual meals, in their entirety, was insufficient to implicate the Eighth Amendment. *Id.* Further, an individual denial is insufficient to reach the extreme violation threshold required at law. *Id.*; *see also Surgenor v. Moore*, No. 1:16-cv-1179, 2017 U.S. Dist. LEXIS 211955, at *10 (S.D. Ohio Feb. 1, 2017) (Denial of some meals over a short period of time does not rise to a level of "wanton infliction of pain").

Additionally, while persuasive rather than mandatory law, the Eleventh Circuit Court of Appeals has found that this type of conduct does not rise to the level of a Constitutional violation. In *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985), Plaintiff alleged a Constitutional violation arising out of the fact that the plaintiff occasionally found foreign objects in his food, among other issues. The *Hamm* court held that the "fact that the food occasionally contains foreign objects… does not amount to a constitutional deprivation. *Hoitt v. Vitek*, 497 F.2d 598, 601 (1st Cir.1974); *Sinclair v. Henderson*, 331 F.Supp. 1123, 1126 (D.La.1971), quoted in *Freeman v. Trudell*, 497 F.Supp. 481, 482 (E.D.Mich.1980)." *Id.* Clearly, this is a common complaint that is held not to be a Constitutional violation.

Here, the facts alleged in the Complaint do not establish a violation serious enough to implicate Plaintiff's Constitutional rights. Even if true, a single incident

is not sufficiently serious, and far from an extreme deprivation as required by law. A single isolated event relating to food does not make a Constitutional claim: this is neither the correct forum nor the correct cause of action for relief. Plaintiff has also stated no facts showing the requisite state of mind. Trinity is entitled to dismissal.

## CONCLUSION

Plaintiff's claims do not rise to the level of a Constitutional violation. Trinity is not a state actor, and its former employees' actions cannot be vicariously attributed against it. Dismissal is appropriate.

Respectfully submitted,

February 3, 2020

/s/ Alexander B. Chosid
Alexander B. Chosid, MO Bar #64780
TKC Holdings, Inc.
1260 Andes Blvd.
St. Louis, MO 63132
T: (314) 214-2806
F: (314) 214-2794
alex.chosid@tkcholdings.com

## CERTIFICATE OF SERVICE

  I, Alexander B. Chosid, hereby certify that on this 3rd day of February, 2020, a true and accurate copy of the foregoing was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance to date.

  I also certify that a true and accurate copy of the foregoing was served via Federal Express, postage prepaid, upon the following:

Miles Davis, #176948
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221
Plaintiff- *pro se*

             /s/ Alexander B. Chosid
             Alexander B. Chosid (MO Bar #64780)