UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| MILES DAVIS, #176948, | ) | |
| | ) | |
|     Plaintiff, | ) | Hon. Linda V. Parker |
| | ) | Mag. Elizabeth A. Stafford |
| v. | ) | |
| | ) | |
| ANTONIO ALVAREZ, | ) | |
| JIM PERRY, AND | ) | |
| TRINITY SERVICE GROUP, | ) | C.A. No. 2:19-cv-13062-LVP-EAS |
| | ) | |
|     Defendants. | ) | |
| | ) | |

Miles Davis, #176948
Kinross Correctional Facility
4533 W. Industrial Park Drive
Kincheloe, MI  49788
    In Pro Per

----------------------------------------

Alexander B. Chosid
MO Bar #64780
TKC Holdings, Inc.
1260 Andes Blvd.
St. Louis, MO  63132
T: (314) 214-2806
F: (314) 214-2794
Alex.Chosid@tkcholdings.com

**DEFENDANTS ALVAREZ AND PERRY'S MOTION TO QUASH SERVICE AND DISMISS**

COME NOW Defendants Antonio Alvarez and Jim Perry, by and through the undersigned attorney making a limited appearance on their behalf for the sole purpose of contesting service, and for their Motion to Quash Service and Dismiss, state as follows:

## PROCEDURAL HISTORY AND BACKGROUND

On or about October 17, 2019, *pro se* Plaintiff Miles Davis ("Plaintiff") filed the above-caption action naming as defendants Antonio Alvarez and Jim Perry as Defendants, along with Trinity Food Services, Inc. (hereinafter "Trinity"). [Doc. 1]. At the time of filing, Plaintiff was an individual lawfully incarcerated at Gus Harrison Correctional Facility ("GHCF"), though he was since transferred facilities. Trinity is a private corporation contracted to provide food services to inmates and staff at the GHCF. The undersigned received notice of this suit's existence through a courtesy copy provided by the Michigan Attorney General's Office, when this matter was referred to early mediation.

The undersigned entered his appearance on behalf of all defendants at this time for the sole purpose of requesting exclusion from early mediation and advising this Court that Jim Perry and Antonio Alvarez are former employees of Trinity, meaning that the undersigned cannot accept service on their behalf. [Docs. 7, 8]. Plaintiff understood this statement and requested that Trinity provide the last known addresses of Alvarez and Perry. [Doc. 12]. The Court has not yet made an Order on this Motion.

On February 3, 2020, the undersigned entered a full entry on behalf of Trinity and filed a Motion to Dismiss, which remains pending. [Docs. 15, 16]. Plaintiff requested for an extension of time to respond, which remains pending [Doc. 19], though the original time for filing a response has expired and no Plaintiff has not yet responded.

This Court has not yet entered an order regarding personal service of Alvarez or Perry. Defendants Alvarez and Perry are no longer employed by Trinity. Neither Trinity nor its attorneys have authority to accept service on behalf of its former employees. It is Trinity's policy that when former employees are named in lawsuits, only after former employees are properly served will Trinity conduct an evaluation to determine whether Trinity and its attorneys would assume the defense of the former employee in the litigation. Alvarez and Perry have not been effectively served with process.

Undersigned counsel is in possession of last known addresses for both former employees, but such information raises privacy and security concerns, and due to these concerns neither Trinity nor undersigned counsel may release the last known home address of its former employees without an Order of the Court to do so, with appropriate redactions within this Court's record. Counsel is prepared to provide this information as soon as this Court Orders it, in a format that ensures the former employees' security and privacy. The undersigned's preference is that any Order directs them to provide last known information directly to the U.S. Marshals who would attempt to serve Alvarez and Perry.

As discussed below, Defendants' Motion to Quash and Dismiss should be granted because neither Alvarez nor Perry was validly served with process in this action.

## **ARGUMENT**

A federal court does not have personal jurisdiction over a defendant unless the defendant has been properly served in substantial compliance with Federal Rule of Civil Procedure 4, which governs service of process. When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by FED.R.CIV.P. 4. *Winters v. Teledyne Movable Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir.1985); *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981). *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990). Federal Rule of Civil Procedure 4(e) provides, in relevant part, that:

[A]n individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Here, where Defendants were not personally served with the Summons and Complaint, were not served with the Summons and Complaint at their last known addresses, were not served at their current places of employment, and were not served upon someone authorized to accept service on their behalves, service is not proper under FED. R. CIV. P. 4(e) and the service should be quashed and Defendants be dismissed from this action with prejudice.[1] Plaintiff cannot prove the contrary and carry his burden to oppose this Motion and even seems to agree that Defendants are not properly served, moving this Court to Order disclosure of their last known contact information.

In the event that Alvarez and Perry are served, that they request and are given a defense by Trinity, the undersigned would join the currently pending Motion to Dismiss on their behalves.

---

[1] Defendant further notes that FED.R.CIV.P. 4(m) requires that Defendants be properly served within ninety (90) days of the complaint. *See* FED.R.CIV.P. 4(m). This action was filed on or about October 17, 2019, and as of today over ninety days have passed without Plaintiff effectuating proper service upon Defendants, and thereby they should be dismissed from this action with prejudice.

## CONCLUSION

For the foregoing reasons, it is requested that the Court quash service of process on Defendants, that Defendants be dismissed from this action with prejudice and for any other relief this Court deems just and proper.

Respectfully submitted,

March 16, 2020              /s/ Alexander B. Chosid
                            Alexander B. Chosid, MO Bar #64780
                            TKC Holdings, Inc.
                            1260 Andes Blvd.
                            St. Louis, MO 63132
                            T: (314) 214-2806
                            F: (314) 214-2794
                            alex.chosid@tkcholdings.com

<u>CERTIFICATE OF SERVICE</u>

  I, Alexander B. Chosid, hereby certify that on this 16th day of March, 2020, a true and accurate copy of the foregoing was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance to date.

  I also certify that a true and accurate copy of the foregoing was served via Federal Express, postage prepaid, upon the following:

Miles Davis, #176948
Kinross Correctional Facility
4533 W. Industrial Park Drive
Kincheloe, MI 49788
Plaintiff- pro se

            <u>/s/ Alexander B. Chosid</u>
            Alexander B. Chosid (MO Bar #64780)