UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILES DAVIS,

Plaintiff,

v.

ANTONIO ALVAREZ, *et al.*,

Defendants.

______________________________/

Civil Action No.: 19-13062
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO QUASH SERVICE OR TO DISMISS COMPLAINT [ECF NO. 22]**

## I. Introduction and Background

Plaintiff Miles Davis, a prisoner proceeding *pro se*, sues Trinity Services Group and two of its employees, Antonio Alvarez and Jim Perry, under 42 U.S.C. § 1983. [ECF No. 1].[1] He alleges that defendants violated his Eighth Amendment right against cruel and unusual punishment by serving him food with rocks and other foreign objects. [*Id.*]. Trinity was served with the complaint through the U.S. Marshal Service, and Attorney Alexander B. Chosid entered an appearance on Trinity's behalf. [ECF No.

[1] The Honorable Linda V. Parker referred the matter to the undersigned under 28 U.S.C. § 636(b)(1). [ECF No. 13].

14; ECF No. 16]. Alvarez and Perry have not been served and Chosid has filed only limited appearances on their behalf, first to request that Davis's case be excluded from the Court's mediation program and then to contest service on the individual defendants. [ECF No. 7; ECF No. 21]. In a motion to quash service and dismiss filed on behalf of Alvarez and Perry, Chosid explains that Trinity has a policy of evaluating whether it will assume the defense of former employees only when they have been effectively serviced. [ECF No. 22, PageID.90].

Davis moved for Trinity to provide Alvarez's last known address to him or to the U.S. Marshal so that Alvarez can be served. [ECF No. 12]. In the motion to quash service or dismiss the complaint, Chosid somewhat concurs with the relief Davis requested; Chosid said that his "preference is that any Order directs them to provide last known information directly to the U.S. Marshals who would attempt to serve Alvarez and Perry." [ECF No. 22, PageID.90]. At the same time, Chosid argues that the individual defendants should be dismissed because Davis has not served them within 90 days of filing his complaint as ordinarily required by Federal Rule of Civil Procedure 4(m). [*Id.*, PageID.90-92].

In a separate order, the Court granted Davis's motion and ordered Trinity to disclose the addresses of both Alvarez and Perry to the U.S.

Marshal. For the reasons below, the Court **RECOMMENDS** that Trinity's motion [ECF No. 22] be **DENIED**.

## II. Analysis

Generally, a court may grant a motion to dismiss or quash service when service is not completed within the time described in Rule 4. *Young's Trading Co. v. Fancy Imp., Inc.*, 222 F.R.D. 341, 342 (W.D. Tenn. 2004). But when "a plaintiff is proceeding *in forma pauperis*, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint." *Spencer v. Bynum*, No. 13-13056, 2013 WL 4041870, at *2 (E.D. Mich. Aug. 8, 2013); *see also* 28 U.S.C. § 1915(d) (when a plaintiff proceeds *in forma pauperis*, "[t]he officers of the court shall issue and serve all process"). The Marshal Service has the duty to use "reasonable efforts" to serve defendants in prisoner litigation because of the security risks inherent in providing prisoners with the addresses of officials, and because of the prisoners' difficulty in obtaining that information. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 939 (E.D. Mich. 2004) (Cleland, J).

Consequently, Davis should not be penalized for the failure thus far to serve Alvarez and Perry.

> When the court allows a plaintiff to proceed *in forma pauperis*, it must order that service be made 'by a United States marshal or deputy marshal or by a person specially appointed by the court.' Fed. R. Civ. P. 4(c)(3). A plaintiff proceeding *in forma pauperis* should not be penalized if the U.S. Marshal fails to properly effectuate service pursuant to Rule 4. Such circumstances constitute 'good cause' under Rule 4(m) and obligate the court to extend the time for service.

*Neal v. City of Detroit Police Dep't*, No. 17-13170, 2018 WL 8608298, at *1 (E.D. Mich. Jan. 19, 2018). In *Neal*, the Court ordered the City to provide addresses to the U.S. Marshal so that it could effectuate proper services. *Id.* The same relief is appropriate here, as Chosid appears to acknowledge. [ECF No. 22, PageID.90]. The Court has therefore granted Davis's motion and ordered Trinity to disclose Alvarez's and Perry's last known addresses to the U.S. Marshal so that service can be effectuated. For the same reasons, the motion to quash or to dismiss should be denied.

The Court notes that Davis did not move for Trinity to disclose Perry's last known address—his motion only addressed Alvarez. [ECF No. 12]. But as noted, once Davis properly identified Perry in his complaint, it became the Court's and U.S. Marshal's responsibilities to attempt to serve him. *Spencer*, 2013 WL 4041870 at *2. Since Chosid acknowledges that Trinity has Perry's last known address, the more prudent course than dismissing the complaint against Perry is for the Court to try to have him served.

## III. Conclusion

The Court **RECOMMENDS** that Alvarez's and Perry's motion to quash service or to dismiss complaint [ECF No. 22] be **DENIED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 16, 2020

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of

objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 16, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager