UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILES DAVIS,

    Plaintiff,                              Civil Action No. 19-13062
                                        Honorable Linda V. Parker
v.                                     Magistrate Judge Elizabeth A. Stafford

ANTONIO ALVAREZ, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT
TRINITY SERVICE GROUP'S MOTION TO DISMISS [ECF NO. 15], AND
TO DISMISS *SUA SPONTE* DEFENDANT JIM PERRY**

## I.    INTRODUCTION

Plaintiff Miles Davis, a prisoner proceeding *pro se* and in forma pauperis, sues Trinity Service Group, Inc. (Trinity) and two of its employees, Antonio Alvarez and Jim Perry, under 42 U.S.C. § 1983 and the Eighth Amendment. [ECF No. 1]. Davis alleges that he suffered cruel and unusual punishment by being served food with rocks. [ECF No. 1]. The Honorable Linda V. Parker referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). [ECF No. 13]. Trinity moves to dismiss the claims brought against it. [ECF No. 15].

1

In a footnote in its reply brief, Trinity requests that the claims against Alvarez and Perry be dismissed too. [ECF No. 29, PageID.140 n.1]. Generally, a party cannot raise new issues in a reply brief. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). But the Court must *sua sponte* dismiss a claim filed by a *pro se* prisoner proceeding in forma pauperis if the claim (1) is frivolous; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, this report and recommendation also addresses whether the claims against Perry and Alvarez should be dismissed under § 1915(e)(2)(B), without prejudice to Alvarez's rights to move to dismiss on his own behalf.

For the reasons below, the Court recommends that the claims against Trinity and Perry be dismissed, and that the claims against Alvarez survive.

**II.   BACKGROUND**

According to Davis's complaint, Trinity hires employees and supervisors for the Michigan Department of Corrections (MDOC), including Alvarez (a kitchen supervisor) and Perry (the food service director). [ECF No. 1, PageID.2-3]. Davis alleges that, in June 2018, he was served a meal that contained rocks while incarcerated at MDOC's Gus Harrison

2

Correctional Facility. [ECF No. 1, PageID.3-4]. After biting into a taco with beans, he "felt a sharp pain in the upper right side" of his mouth, and a rock and large portion of his top right tooth fell out. [*Id.*, PageID.3-4]. Davis immediately reported the incident to Alvarez, who said, "'Wow, that's a nice size rock in the beans.'" [*Id.*, PageID.4]. Davis went to the dentist, who prescribed antibiotics and pain medication, and later removed the rest of the broken tooth. [*Id.*, PageID.4].

Davis alleges that Alvarez knew that, a few months before Davis's injury, another prisoner had broken his tooth on a rock when he bit into the beans served with the taco meal. [ECF No. 1, PageID.6]. And Davis claims that Alvarez was told the morning of Davis's injury that the beans had an "extremely large amount of rocks" in them and "needed to be sifted" before being cooked, but Alvarez told the prison cook to the prepare the beans without first sifting them. [*Id.*, PageID.6].

Davis's complaint alleges that Alvarez acted with deliberate indifference; that Perry "intentional[ly] failed to correct the acts of Alvarez, his subordinate," and "acquiesced in the unsafe food preparation practices of Alvarez"; and that Trinity, "through the execution of its Corporate Policies, Customs and or longstanding Practices," failed to maintain

adequate supervision of its employees and food preparation practices. [*Id.*, PageID.5-8].

Trinity argues in its motion to dismiss that Davis failed to state an actionable claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). [ECF No. 15, PageID.61]. The Court agrees and recommends that the claims against Trinity and Perry be dismissed.

### III. ANALYSIS

### A.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further

4

factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.*

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007); *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

## B.

The Court will first address the claims against Trinity and Perry. Trinity argues that Davis's claims against it fail for two reasons: (1) Davis does not assert an actionable claim under § 1983, as Trinity is not a state actor and the theory of *respondeat superior* is not a legitimate basis for liability under § 1983; and (2) the alleged contaminated food does not constitute a constitutional violation under the Eighth Amendment. [ECF No. 15, PageID.63-70]. The Court rejects Trinity's argument that it is not a state actor that can be held liable under § 1983. "Trinity's employees provided food services inside the prison to inmates in state custody, traditionally a state function, are sufficient allegations that defendants are

5

state actors to support claims under 42 U.S.C. § 1983." *Bragg v. Staff*, No. 1:16-CV-1271, 2019 WL 5273761, at *4 (W.D. Mich. July 23, 2019), *adopted*, No. 1:16-CV-1271, 2019 WL 4409486 (W.D. Mich. Sept. 16, 2019).

Thus, Trinity may be held liable for the challenged conduct if it occurred under its "official policy" such that Trinity's "promulgation or adoption of the policy can be said to have 'caused' one of its employees to violate the Plaintiff's constitutional rights." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). A party cannot be held liable under Section 1983 based on *respondeat superior*. *Id.* at 388-89. "A plaintiff must therefore specify a governmental policy or custom from which his injuries flowed." *Brown v. Cuyahoga Cty., Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013). The alleged custom or policy must reflect a "conscious choice" of the state actor and must be "the moving force behind the constitutional violation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 379 (1989).

Supervisory personnel like Perry may be held individually liable for failure to adequately supervise, control, or train employees. *Peatross v. City of Memphis,* 818 F.3d 233, 242 (6th Cir. 2016). But to maintain such a claim, it is not enough that a supervisor simply had the "right to control

6

employees." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Instead, plaintiffs must allege facts showing a "causal connection" between the alleged misconduct of employees and actions of supervisors showing their endorsement of the unconstitutional conduct. *Peatross,* 818 F.3d at 242. *See also Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982) ("At a minimum, a plaintiff must show that the official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers."). In *Peatross*, the plaintiff stated a claim by alleging that there had been 54 officer shootings over a five-year period; the supervisor acknowledged a dire need for improvement in the disciplinary process; the mayor had admonished the supervisor; but no improvement was made. 818 F.3d at 238, 243.

Here, Davis alleges that Trinity had a "longstanding unconstitutional food preparation practice" that contributed to and directly caused his injury. [ECF No. 1, PageID.5]. He also claims that Trinity failed to maintain a system for supervising and monitoring food service employees. [*Id.*, PageID.8]. Davis contends that Perry had supervisory authority over Alvarez and failed to correct Alvarez's unconstitutional acts. [*Id.*, PageID.3]. And Davis alleges that his injury occurred because Perry and Trinity inadequately supervised Alvarez. [*Id.*, PageID.8].

7

But Davis's factual allegations describe only two incidents of foreign objects being in the food, and he alleges no facts stating that anyone associated with Trinity except Alvarez was aware of those incidents. [ECF No. 1, PageID.6]. The two incidents Davis alleges in his complaint are not enough to show that Trinity had an unconstitutional policy of allowing rocks in its food, or that Perry acquiesced to Alvarez knowingly serving food with foreign objects. And as for the specific incident in which Davis was injured, Davis does not allege that Perry or anyone else from Trinity except Alvarez knew about the large number of rocks in the beans before his injury. [*Id.*]. Davis thus fails to adequately allege that Trinity had a custom or policy that was the moving force behind the alleged constitutional violation, or that Perry knowingly encouraged or acquiesced in that alleged violation. Trinity's motion to dismiss should be granted, and Perry should be dismissed *sua sponte* under § 1915(e)(2)(B).

## C.

The Court next addresses Davis's claim of deliberate indifference against Alvarez. To prevail on his Eighth Amendment claim of deliberate indifference, Davis must satisfy both the objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the objective component, Davis must show that Alvarez's acts or omissions

deprived him of "the minimal civilized measure of life's necessities" and posed "a substantial risk of serious harm." *Id.* The subjective component requires proof that the prison official acted with deliberate indifference, meaning that the official knew of but disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010). The Court finds that Davis has alleged facts that state a claim that Alvarez was deliberately indifferent in violation of the Eighth Amendment.

Beginning with the objective component, the Court acknowledges that courts have held that "[a]n occasional incident of a foreign object finding its way into the food, while regrettable, does not raise a question of constitutional proportion. It simply raises a problem of internal prison administration to be dealt with by prison authorities as best they can". *Freeman v. Trudell*, 497 F. Supp. 481, 482 (E.D. Mich. 1980). In *Price v. Milmar Food Group, LLC*, the court addressed a claim that a prisoner "bit into a rock that was apparently in the franks and beans, chipping his tooth." 2018 WL 4346688, at *1 (E.D. Mich. July 16, 2018), *adopted*, No. 17-CV-13011, 2018 WL 4333976 (E.D. Mich. Sept. 11, 2018), *adhered to on*

9

*reconsideration*, No. 17-CV-13011, 2019 WL 1147086 (E.D. Mich. Mar. 13, 2019), *appeal dismissed*, No. 19-1083, 2020 WL 401823 (6th Cir. Jan. 6, 2020).  Finding that the plaintiff failed to state an Eighth Amendment claim, the court reasoned, "A one-time incident of a foreign object somehow finding its way into a prisoner's food, even it injures the prisoner's tooth, does not make out an Eighth Amendment violation."  *Id.* at *3.

But Davis's complaint does not describe a single rock somehow finding its way into the beans at issue.  Davis claims that Alvarez was warned that the beans had an "extremely large amount of rocks" in them and that they "needed to be sifted" before being cooked, but that Alvarez told the prison cook to prepare the beans without first sifting them.  [ECF No. 1, PageID.6].  The Sixth Circuit has held, "Depriving an inmate of food or serving him contaminated food states a claim for a violation of the Eighth Amendment."  *Thompson v. Michigan Dep't of Corr.*, 234 F.3d 1270, 2000 WL 1597844, at *2 (6th Cir. 2000) (Table) (citing *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) and *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir.1983)).  In *Robles*, the court found allegations that "prison officials contaminated inmates' meals with 'dust, rocks, glass and human waste'" were "sufficient to withstand dismissal of a section 1983 complaint."  725 F.2d at 15; *see also Reid v. Nassau Cty. Sheriff's Dep't*, No. 13-CV-1192

10

SJF SIL, 2014 WL 4185195, at *15 (E.D.N.Y. Aug. 20, 2014) ("Allegations that a prisoner was served food contaminated or 'tainted' by foreign objects, e.g., rocks, glass, human waste, soap, metal pins, staples, etc., are sufficient to plead a constitutional violation.").

The Court finds that Davis has alleged facts that satisfy the objective component. Davis's allegation that Alvarez knew that the beans contained voluminous rocks but served the beans anyway supports a claim that Alvarez acted in a manner that posed "a substantial risk of serious harm." *Farmer*, 511 U.S. 825, 834. Davis's allegations also satisfy the subjective component; they support a claim that Alvarez knew of but disregarded an excessive risk that a prisoner could be seriously harmed by biting on or ingesting rocks. *Mingus*, 591 F.3d 480. Davis's claim that Alvarez deliberately disregarded an excessive risk of serious harm is bolstered by Davis's allegation that Alvarez knew that another prisoner had broken his tooth on a rock when he bit into the beans served with the taco meal. [ECF No. 1, PageID.6]. The claims against Alvarez therefore should not be dismissed.

## IV. CONCLUSION

The Court **RECOMMENDS** that Trinity's motion to dismiss [ECF No. 15] be **GRANTED**, that the claims against Perry be **DISMISSED *SUA SPONTE***, and that the claims against Alvarez survive*.*

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: August 6, 2020

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.* And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of

12

objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 6, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
