UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILES DAVIS,

      Plaintiff,

v.

      Case No. 19-13062
      Honorable Linda V. Parker

ANTONIO ALVAREZ, et al.,

      Defendants.
_____/

**OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION [ECF NO. 35]; (2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 31]; (3) GRANTING TRINITY SERVICES GROUP, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [ECF NO. 15]; & (4) DISMISSING *SUA SPONTE* DEFENDANT JIM PERRY**

On October 17, 2019, Plaintiff Miles Davis—a state prisoner at the Kinross Correctional Facility in Kincheloe, Michigan—filed this action under 42 U.S.C. § 1983 against Trinity Services Group ("Trinity") and two of its employees, Antonio Alvarez (the Kitchen Supervisor) and Jim Perry (the Food Service Director and Alvarez's supervisor). (ECF No. 1 at Pg. ID 2-4.) Plaintiff alleges Defendants served him food that contained rocks and other foreign objects, which violated his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* at Pg. ID 5-8.) The Court referred the matter to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings, including a hearing and determination of all non-

dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 13.) Trinity subsequently moved to dismiss all claims brought against it. (ECF No. 15.)

On August 6, 2020, Magistrate Judge Stafford issued a R&R, recommending that the Court grant Trinity's motion and *sua sponte* dismiss the claims against Perry.[1] (ECF No. 31.) In the R&R, Magistrate Judge Stafford concluded that Trinity and Perry cannot be held liable for the challenged conduct because "[t]he two incidents [Plaintiff] alleges in his complaint are not enough to show that Trinity had an unconstitutional policy of allowing rocks in its food, or that Perry acquiesced to Alvarez knowingly serving food with foreign objects." (*Id.* at Pg. ID 154.) Magistrate Judge Stafford further concluded, however, that Plaintiff's allegations against Alvarez were sufficient to state a viable deliberate indifference claim against him. (*Id.* at Pg. ID 154-57.) Accordingly, Magistrate Judge Stafford recommended that the claims against Alvarez should not be dismissed.

At the conclusion of the R&R, Magistrate Judge Stafford informed the parties that they must file any objections to the R&R within fourteen days. (*Id.* at

---

[1] "[T]he Court must *sua sponte* dismiss a claim filed by a *pro se* prisoner proceeding in forma pauperis if the claim (1) is frivolous; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)." (ECF No. 31 at Pg. ID 148.)

Pg. ID 158.) She further advised that, "[i]f a party fails to timely file specific objections, any further appeal is waived." (*Id.* (citing *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).) Plaintiff's objections appear to be untimely. (*See* ECF No. 35 (dated August 21 and postmarked August 24).)

Even if Plaintiff's objections were timely, the Court rejects them. Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the magistrate judge's R&R to which a party has filed "specific objection[s]" in a timely manner. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A general objection or one that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Washington v. Jenkins*, 2015 WL 5729148, at *4 (E.D. Mich. Sept. 30, 2015) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Plaintiff's first objection—that "[Magistrate Judge Stafford's] recommendation that the two incidents in his complaint are not enough to show that Trinity had an unconstitutional policy of allowing rocks in its food" and that Perry knowingly encouraged or acquiesced in an alleged constitutional violation— (ECF No. 35 at Pg. ID 173-75)—restates arguments previously presented and amounts to a mere disagreement with the magistrate judge's determination. The R&R explains that Plaintiff's Complaint does not allege facts suggesting that

3

anyone associated with Trinity—except Alvarez—was aware of these two incidents. (ECF No. 31 at Pg. ID 154.) The R&R further explains that, "as for the specific incident in which Davis was injured, Davis does not allege that Perry or anyone else from Trinity except Alvarez knew about the large number of rocks in the beans before his injury." (*Id.*) The Court agrees with Magistrate Judge Stafford's analysis as to this issue and rejects Plaintiff's objection.

Plaintiff's second and third objections—that Magistrate Judge Stafford erred in finding that Plaintiff failed to allege that Trinity failed to maintain a system for supervising and monitoring food service employees and that Perry did not knowingly encourage or acquiesce to the alleged constitutional violation, (ECF No. 35 at Pg. ID 176, 178)—are indistinguishable from his first. Accordingly, the Court rejects these objections.

In sum, after reviewing the August 6, 2020 R&R, the Court concurs with the conclusions reached by Magistrate Judge Stafford. The Court therefore (i) adopts the R&R (ECF No. 31); (ii) grants Trinity's Motion to Dismiss Plaintiff's Complaint (ECF No. 15); and (iii) *sua sponte* dismisses the claims against Perry.

Trinity and Perry are dismissed as parties to this lawsuit.

**IT IS SO ORDERED**.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: September 8, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 8, 2020, by electronic and/or U.S. First Class mail.

                                                s/ R. Loury
                                                Case Manager