UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MILES DAVIS<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO ALVAREZ, *et al*.,<br><br>Defendants. | Case No. 19-13062<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING MOTION TO HOLD
ATTORNEY ALEXANDER B. CHOSID IN CONTEMPT;
REQUIRING CHOSID TO SHOW CAUSE WHY HE FILED AN
APPEARANCE ON BEHALF OF DEFENDANT ANTONIO ALVAREZ;
AND ORDERING THE MARSHAL SERVICE TO MAKE REASONABLE
EFFORTS TO LOCATE DEFENDANT ANTONIO ALVAREZ
[ECF NOS. 42, 44]**

**A.**

Plaintiff Miles Davis, a prisoner proceeding *pro se* and *in forma pauperis*, sued Trinity Services Group, Inc., and two of its former employees, Antonio Alvarez and Jim Perry, under 42 U.S.C. § 1983 and the Eighth Amendment, but Alvarez is the only remaining defendant. ECF No. 1; ECF No. 36. The Honorable Linda V. Parker referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 13. Before the Court are Davis's motion to hold attorney

Alexander Chosid in contempt and Chosid's motion to withdraw as counsel for Alvarez. ECF No. 42; ECF No. 44. The Court (1) denies Davis's motion for contempt; (2) orders Chosid to show cause why and on what authority he filed an appearance for Alvarez; and (3) orders the U.S. Marshal Service to take reasonable steps to locate Alvarez.

## B.

Chosid is an attorney who works for TKC Holdings, Inc. ECF No. 44, PageID.220. Trinity is TKC Holdings' subsidiary. *Id*. This Court twice ordered Chosid to provide the U.S. Marshal Service for the Eastern District of Michigan with Alvarez's last known address. ECF No. 24; ECF No. 39. Citing E.D. Mich. LR 83.25, the Court said that, although Chosid had made a limited appearance on behalf of Alvarez, Chosid remained Alvarez's attorney until a final order disposing of the claims against Alvarez or an order permitting Chosid to withdraw. *Id.*

After the second order, Davis moved to hold Chosid in contempt for violating the order requiring him to provide the U.S. Marshal Service with Alvarez's last known address. ECF No. 42. Chosid responded that he had provided Alvarez's address to the U.S. Marshal and that he did not represent Alvarez. ECF No. 43. The Marshal Service confirmed to the

2

Court that Chosid provided the address, so Davis's motion for contempt **(ECF No. 42)** is **DENIED.**

### C.

Chosid moved to withdraw as counsel for Alvarez, stating that he made a limited appearance on behalf of Alvarez and Perry—who no longer work for Trinity—for the purpose of requesting that this case be excluded from the early mediation program. ECF No. 44, PageID.220. Had Chosid made only a limited appearance for the mediation program, his claim that he no longer represents Alvarez would have merit. This case was referred to the mediation program under the Court's Administrative Order 18-AO-019. ECF No. 3. That AO stated that, "[f]or defendants who are employees of a third-party contractor," including Trinity, "counsel for the defendant's employer will appear on their behalf solely for early mediation…. E.D. Mich. LR 83.25, Attorney's Appearance, is suspended to allow the entry of the limited appearance." 18-AO-019.[1] After this case was excluded for the mediation program, Chosid filed an appearance on behalf of Trinity only. ECF No. 10; ECF No. 16.

But Chosid later filed another purported limited appearance on behalf of both Alvarez and Perry "for the sole purpose of contesting service." ECF

---

[1] This AO was superseded by 18-AO-042, and then 21-AO-027.

No. 21, PageID.86.  He then moved to quash service on Alvarez and Perry. ECF No. 22.  In his motion to withdraw, Chosid overlooks this second appearance on behalf of Alvarez.  ECF No. 44.  Except in limited circumstances that do not apply to Chosid's second appearance, Rule 83.25 does not allow counsel to step into and out of a case at his own discretion.

The Court has questions about Chosid's authority to file an appearance to move to quash service on Alvarez even though Chosid says that he "has never spoken with Alvarez."  ECF No. 44, PageID.221.  Basic rules of professional conduct require attorneys to effectively communicate with their clients and for the clients to have the "ultimate authority to determine the purposes to be served by legal representation."  Michigan Rule of Professional Conduct (MRPC) 1.2 & 1.4.  Chosid may have filed an appearance and moved to quash service on Alvarez, without Alvarez's knowledge, to further Trinity's interest rather than Alvarez's.  As noted, Trinity is Chosid's client.  Thus, Chosid may have violated MRCP 1.8(f), which prohibits a lawyer from accepting "compensation for representing a client from one other than the client unless," among other exceptions, "the client consents after consultation."

4

But Alvarez may have entered an advanced consent arrangement with Trinity that would allow Trinity's lawyers to defend claims against him. *See Mora v. Lancet Indem. Risk Retention Grp., Inc.*, 773 F. App'x 113, 117 (4th Cir. 2019). By **January 24, 2022**, Chosid must show cause why and on what authority he filed his March 2020 appearance on behalf of Alvarez.

### D.

As Davis is a prisoner proceeding *in forma pauperis*, the Marshal Service has a duty to make reasonable efforts to locate Alvarez. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 939-41 (E.D. Mich. 2004); *Spencer v. Bynum*, No. 2:13-13056, 2013 WL 4041870, at *2 (E.D. Mich. Aug. 8, 2013). Here, the Marshal Service did not make the required reasonable efforts after it acknowledged receiving service of process documents for Alvarez. ECF No. 41. In an email, a Marshal Service administrator informed the Court that it tried to serve Alvarez at the address provided by Chosid and that she closed the matter on her end after she received no waiver or other communication within 60 days of the service attempt.

Davis has identified Alvarez, so the Marshal Service must effect service on him. *Spencer*, 2013 WL 4041870 at *2. The Marshal Service

5

must attempt to locate Antonio Alvarez and to inform the Court of the results of its search by **January 31, 2022**.

**IT IS SO ORDERED.**

Dated: January 10, 2022

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 10, 2022.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager