UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MILES DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>ANTONIO ALVAREZ,<br><br>    Defendant. | Case No. 19-13062<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO
DISMISS DEFENDANT ANTONIO ALVAREZ**

## I.   Introduction and Background

Plaintiff Miles Davis, a prisoner proceeding pro se and *in forma pauperis*, sued Trinity Services Group, Inc., and two of its former employees, Antonio Alvarez and Jim Perry, under 42 U.S.C. § 1983 and the Eighth Amendment, but Alvarez is the only remaining defendant. ECF No. 1; ECF No. 36. The Honorable Linda V. Parker referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 13.

The first summons for Alvarez was issued in December 2019 and was for service at Trinity's corporate address. ECF No. 14. But Alvarez no longer worked for Trinity, so in April 2020, the Court ordered Trinity's

counsel to provide the U.S. Marshal Service with Alvarez's last known address.  ECF No. 24.[1]  When the Marshal Service had received no address by January 2021, the Court again ordered the attorney to provide Alvarez's last known address.  ECF No. 39.  The Marshal Service tried to serve Alvarez at the provided address but received no waiver or communication within 60 days of the service attempt.  *See* ECF No. 48, PageID.240.  Thus, in January 2022, the Court ordered the Marshal Service to locate Alvarez and inform the Court of the results of the search.  *Id.*, PageID.240-241.

When the Marshal Service then attempted to serve Alvarez by certified mail, the documents were returned unopened.  ECF No. 51; *see also* ECF No. 53.  As a final effort in February 2022, the Court ordered the Marshal Service to find or confirm Alvarez's address by using public internet websites and then to personally serve Alvarez.  ECF No. 52.  The Marshal Service successfully found that Alvarez had been living in Texas, but his exact whereabouts were unknown.  ECF No. 56.  On the return of service receipt, the Marshal Service explained, "Defendant Antonio Alvarez

---

[1] The Court also rejected a motion filed by Trinity's counsel to quash service on Alvarez and dismiss the complaint, and it granted Davis's motion to stay the case until November 2020 because of the pandemic.  ECF No. 25; ECF No 30.

found to be homeless in the Dallas/Fort Worth area. This information was confirmed by the director of Sober Living of America, who advised that Mr. Alvarez had left the facility on 2/5/22, and provided no forwarding contact information." *Id.*

The Court thus recommends that the case be dismissed.

II.    **Analysis**

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed," the Court "must dismiss the action without prejudice against that defendant." But the Court must "extend the time for service for an appropriate period" if the plaintiff shows "good cause for the failure." *Id.*

For pro se prisoners, "good cause" may depend on the Marshal Service's efforts to serve the defendant. That is because, when "a plaintiff is proceeding *in forma pauperis*, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint." *Spencer v. Bynum*, No. 13-13056, 2013 WL 4041870, at *2 (E.D. Mich. Aug. 8, 2013); *see also* 28 U.S.C. § 1915(d) (when a plaintiff proceeds *in forma pauperis,* "[t]he officers of the court shall issue and serve all process"). The Marshal

3

Service has the duty to use "reasonable efforts" to locate and serve defendants. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 939 (E.D. Mich. 2004). So when the Marshal Service has failed to use reasonable efforts to locate and serve a defendant, the prisoner has good cause for extending the ordinary 90-day period "for an appropriate period." Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996).

The Marshal Service here made not just reasonable but exhaustive efforts to locate and serve Alvarez. For reasons beyond the Marshal Service's control, it could not serve Alvarez within "an appropriate period." Rule 4(m); *cf. Byrd*, 94 F.3d at 220 (finding good cause when "the clerk's office and the Marshals Service were plainly derelict in performing their assigned tasks" and the Marshal Service falsely told the plaintiff "that it was taking care of the service of his summons"). Thus, Davis has no good cause for another extension of the service period. And because the Court and the Marshal Service have been trying to serve Alvarez since December 2019, extending the service period more would not be "appropriate." *Id*.

Thus, the Court recommends that the claims against Alvarez be dismissed without prejudice. Rule 4(m) (dismissal under this rule is without prejudice).

4

### III. Conclusion

For the reasons stated above, the Court **RECOMMENDS** that Davis's claims against Alvarez be **DISMISSED WITHOUT PREJUDICE**, thus terminating this case.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 3, 2022

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the

objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 3, 2022.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
